## JOHN BRAVO v. GEORGE REIL.[1]

October 13, 1944.

No. 33,758.

[1]Reported in 15 N. W. (2d) 871.

*J. P. Drews* and *Clifford W. Gardner,* for appellant.
*Freeman, King & Geer,* for respondent.

LORING, CHIEF JUSTICE.

This case comes here on appeal from an order denying plaintiff's motion for a new trial after verdict for defendant. The questions presented are, first, whether there is evidence sufficient to sustain the verdict on the record before us; and, second, whether the trial court abused its discretion in denying a new trial on the ground of newly discovered evidence.

The case involved a collision between a pedestrian and an automobile at the intersection of Robert street and Indiana avenue, St. Paul, at about 6:30 a. m., October 6, 1942. It was dark. The defendant was driving north on Robert street. He was seen while some distance away by the plaintiff, who was crossing Robert street on the southerly crosswalk of Indiana avenue.

There is evidence in the record tending to prove that when the accident occurred the plaintiff had proceeded halfway across Robert street and was standing at the middle of the street waiting for the traffic from the north on Robert street to clear so that he might go on across the street. When defendant approached him from the south, he was standing about three feet to the left of the left side of defendant's car, and defendant, as he expressed it, "noticed through the corner of his eye," that plaintiff stepped back against the rear of defendant's car.

Defendant admits that he did not blow his horn or swerve away from plaintiff as he approached the intersection. Even if it were conceded that defendant was guilty of negligence as a matter of law in not sounding a warning or swerving to the right, there is no assignment of error in this court that the trial court erred in failing so to instruct the jury. The evidence is sufficient to sustain a finding of contributory negligence on the part of plaintiff. Therefore, on the record before us the verdict of the jury is sustained.

■ Some time after the trial, plaintiff obtained an affidavit from a witness who claimed to have seen the accident. There was evidence before the court that this witness was a friend of the plaintiff, had lived in the same house with him for several years, and had worked with him at the same place. The witness never mentioned, until after the trial, that he had seen the accident. Among other things, he stated in his affidavit that he saw the front end of defendant's automobile strike plaintiff squarely and throw him to the pavement. This statement is discredited by the injuries which the evidence disclosed plaintiff had received in the collision, which were high up on his left side. That and other circumstances tended to impeach his statements.

We think that the trial court was justified in not believing the affidavit. There was an affidavit of another man who did not claim to have seen the accident, but it would not have justified a new trial. There was no abuse of discretion in the denial of the motion for new trial on the ground of newly discovered evidence. Other questions raised by plaintiff do not merit comment.

The order appealed from is affirmed.